A. H. BOGGS, Plaintiff in Error, *v.* N. P. BROOKS, Defendant in Error.

1. *Elections — Appeal — Act of 1867, construction of.*—The manifest intention of the act of 1867 (Wagn. Stat. 578, §§ 92–3), providing for appeals in contested election cases, was to allow a trial *de novo* in the Circuit Court.

*Error to First District Court.*

*Johnson & Budd,* for plaintiff in error.

*Hall & Given, Boggs & Sloan,* and *Terrill & Mather,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The proceedings in this case grew out of a contest in regard to the election of public administrator in Cass county. There was a trial in the County Court, and judgment for Brooks, the defendant in error. Boggs, the plaintiff in error, appealed to the Circuit Court, where his appeal was dismissed on the ground that the case could not be tried *de novo* in the Circuit Court. This ruling being approved in the District Court, the case is brought here for revision on writ of error.

The only point raised involves a construction of the act of 1867, providing for appeals in contested election cases. The first section declares that any person feeling aggrieved by any judgment or decision rendered by any County Court, in any contested election case or proceeding, may appeal therefrom to the Circuit Court of the county where the judgment or decision may be rendered.

The next section enacts that no appeal shall be allowed in any such case or proceeding, unless the party appealing, or some person for him, together with one or more solvent securities, to be approved by the County Court, or the clerk thereof, shall, within twenty days after the rendition of the judgment or decision, enter into bond to the adverse party in a sum sufficient to secure the payment of all costs which may have and may thereafter, by reason of the appeal, lawfully accrue, in the case or proceeding, conditioned that the applicant will prosecute his appeal, with due diligence, to a decision; and that if, on such appeal, the judgment or decision of the County Court be affirmed, or, upon a trial anew in the Circuit Court, judgment be given against him, he will pay all costs which may be adjudged against him. (1 Wagn. Stat. 578, §§ 92–3.)

Previous to the enactment of this statute there was no law in this State authorizing appeals in contested election cases. But this gives an appeal in direct terms, and makes it incumbent on the appellant to give bond and security in the same manner as in appeals from justices' court, and renders him liable, if, in a trial anew in the the Circuit Court, judgment is given against him.

It is conceded that there is no direct grant given authorizing a new trial on the facts; but the implication is so apparent that no one ought to be misled. What is meant by the words, " upon a trial anew?" Why, plainly that the appellant—the party deeming himself aggrieved—should have a new trial in the appellate court, upon the facts and evidence. If we admit that the construction of the section is inartificial, still the intention of the Legislature is manifest and unmistakeable, and the plain meaning should never be sacrificed to verbal distinctions and technical criticism.

I think it is beyond all question that the intention was to allow a new trial in appeals of this kind, and the judgment will therefore be reversed and the cause remanded. The other judges concur.